UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GUSTAVO MIRANDA,

                Petitioner,                             MEMORANDUM AND ORDER

                                                 98 CV 1490 (ILG)

    - against -

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

GLASSER, United States Senior District Judge:

      Petitioner Gustavo Miranda seeks relief, pursuant to Federal Rule of Civil

Procedure 60(b), from this Court's prior Order dismissing his petition pursuant to 28

U.S.C. § 2255 to vacate his conviction and sentence.  For the reasons stated below, Mr.

Miranda's motion is denied.

## **BACKGROUND**

      The factual background leading to Mr. Miranda's conviction and the procedural

history of his post-conviction proceedings are detailed in this Court's prior Order dated

June 25, 2008 ("Order"), United States v. Miranda, 2008 WL 2561990, at *1–6

(E.D.N.Y. 2008), and are summarized here only in relevant part.[1]  Mr. Miranda was

convicted on June 18, 1996 of conspiracy to distribute and possess with intent to

distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and distribution and

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and

---

[1] See the Court's prior Order dated June 29, 2009 (Dkt. No. 48) for additional procedural history.

(b)(1)(A). Following a two-day trial, he was found guilty beyond a reasonable doubt by a jury. This Court sentenced Mr. Miranda to a term of incarceration of 240 months, the mandatory minimum sentence applicable under 21 U.S.C. § 841(b)(1)(A), to be followed by a ten-year period of supervised release. Since then, Mr. Miranda has filed a number of motions, petitions, and appeals challenging his conviction on various grounds, among them a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

This petition, brought on February 26, 1998, alleged ineffective assistance from his trial counsel both prior to and at trial, and ineffective assistance from the attorney who represented him at sentencing and on appeal. Dkt. No. 1. The Court considered affidavits from Mr. Miranda and from his trial counsel, Mr. Scott Brettschneider, and, relying on United States v. Chang, 250 F.3d 79 (2d Cir. 2001), determined that Mr. Miranda's allegations were "not sufficiently credible to require an evidentiary hearing as to any of his claims of ineffective assistance." Miranda, 2008 WL 2561990, at *8. On the basis of the affidavits, the Court dismissed the petition.

On August 17, 2012, four years after the Court dismissed the petition, Mr. Miranda filed this motion pursuant to Rule 60(b) seeking relief from the Order. Motion for Relief from Judgment Pursuant to Rule 60(b) ("Pet.'s Mot.") (Dkt. No. 49). He raises two arguments: First, by considering only affidavits and not holding an evidentiary hearing to rule on the § 2255 petition, the Court violated the Confrontation Clause. Second, Mr. Miranda's counsel never explained that the Government had made a plea offer that would result in a sentence of 78 to 87 months; had Mr. Miranda known about this offer, he would have accepted it. The Government responded by letter dated December 21, 2012 ("Gov't's Opp'n") (Dkt. No. 56).

2

## DISCUSSION

**1.   Availability of Rule 60(b) Review of the Order**

As a preliminary matter, the Court must determine whether Mr. Miranda's Rule 60(b) motion is truly a Rule 60(b) motion or is an unauthorized successive § 2255 petition. A motion brought pursuant to Rule 60(b) asks the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of five specific grounds or for "any other reason that justifies relief." A Rule 60(b) motion may seek reconsideration of a court's order in a habeas case, such as a § 2255 petition. Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). But a Rule 60(b) motion that raises issues not presented to the district court in the initial § 2255 petition is actually a second or successive § 2255 petition rather than a Rule 60(b) motion, and is subject to the restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See id. at 531 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA . . . ." (citing 28 U.S.C. § 2244(b)(2))).[2] After bringing a § 2255 petition "to vacate, set aside or correct" his sentence, a prisoner

> may only bring a second (or "successive") motion to vacate, set aside, or correct a federal conviction or sentence pursuant to section 2255 if a Court of Appeals certifies . . . that the motion "contain[s]":
>
> "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[2] While Gonzalez limited its consideration to habeas proceedings under § 2254, which governs federal habeas relief for prisoners convicted in state court, id. at 529 n.3, this Court subsequently held that Gonzalez applies to habeas proceedings under § 2255, which governs federal prisoners, as well. Schwamborn v. United States, 507 F. Supp. 2d 229, 239–40 (E.D.N.Y. 2007) (Glasser, J.).

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Love v. Menifee, 333 F.3d 69, 72 (2d Cir. 2003) (quoting 28 U.S.C. § 2255).  Thus, a successive § 2255 petition must be authorized by an appellate court before the district court can consider it.  A petitioner cannot frame a successive § 2255 petition as a Rule 60(b) motion to escape this authorization requirement.

In this case, Mr. Miranda styles his filing as a Rule 60(b) motion, asking the Court to reconsider its ruling on his initial § 2255 petition.[3]  His first claim seeks reconsideration of the 2008 Order on the ground that the Court violated the Confrontation Clause; this constitutes a true Rule 60(b) motion rather than a successive petition and will be considered by the Court infra.  However, Mr. Miranda's second claim, which alleges a new way in which his trial counsel provided ineffective assistance not raised in the initial § 2255 petition, constitutes a successive petition rather than a Rule 60(b) motion.  In the initial petition, Mr. Miranda argued, among other things, that Mr. Brettschneider failed to adequately advise him of the consequences of going to trial rather than pursuing a plea agreement with the Government.  In this motion, Mr. Miranda argues that Mr. Brettschneider did not advise him of the specific terms of a plea offer made by the Government.[4]  Because Mr. Miranda has not obtained leave from the Second Circuit to file this claim, this Court cannot consider it.  Mr. Miranda is free to submit a successive § 2255 petition to the Court of Appeals himself.

---

[3] While Mr. Miranda does not specify on which of the six grounds he bases his motion, it is clear that Rule 60(b)(6), the residual ground, is the only one that potentially provides a basis.

[4] The Court does not read Mr. Miranda's argument to mean that Mr. Brettschneider did not inform him of a plea offer at all, only that Mr. Brettschneider did not specifically explain that the plea offer would result in a sentence of 78 to 97 months.  See Pet.'s Mot. at 6–7.

Nevertheless, when a petitioner makes a successive § 2255 motion without authorization from the appellate court, the district court may transfer the motion to the appropriate appellate court for the purpose of seeking authorization "if it is in the interest of justice to do so."  28 U.S.C. § 1631; see Miranda, 2008 WL 2561990, at *10. The Court declines to do so in this case because Mr. Miranda's argument is entirely without merit.  Mr. Miranda alleges that he recently discovered through his FOIA litigation that the Government had offered a plea agreement that would result in a sentence of 78 to 97 months; that had his attorney explained to him the terms of such an agreement he would have pled guilty; and that the Supreme Court recently held, in Lafler v. Cooper, 132 S. Ct. 1376 (2012), that a defendant has the right to effective assistance of counsel in deciding whether to accept a plea agreement.  See Pet.'s Mot. at 6–7.

Although Mr. Miranda purports to rely on both "newly discovered evidence" and a "new rule of constitutional law," either of which would justify Second Circuit certification, it is evident that Mr. Miranda has neither within the meaning of § 2255. The allegedly "newly discovered evidence" of the specific terms of the plea agreement in no way "establish[es] . . . that no reasonable factfinder would have found the movant guilty of the offense."  Mr. Miranda's argument is that he would have pled guilty, not that such "newly discovered evidence" would have exculpated him.  Moreover, leaving aside the question of whether Lafler is a "new rule" providing a basis for Mr. Miranda's argument that was "previously unavailable," Lafler does not explicitly hold that its rule is retroactively applicable to cases on collateral review.  See Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless

the Supreme Court holds it to be retroactive.").[5]  Therefore, the Court will not transfer

Mr. Miranda's second claim to the Second Circuit.  See Miranda, 2008 WL 2561990, at

*10 (declining to transfer this petitioner's successive § 2255 petition to the Second

Circuit because it was "clearly frivolous"); Schwamborn, 507 F. Supp. 2d at 241–42

(same).[6]

## 2.    Application of Rule 60(b) to Confrontation Clause Claim

The Court now turns to Mr. Miranda's first claim, that by ruling on the initial

§ 2255 petition on the basis of affidavits, the Court violated the Confrontation Clause.

Section 2255 instructs that

> [u]nless the motion and the files and records of the case
> conclusively show that the prisoner is entitled to no relief,
> the court shall cause notice thereof to be served upon the
> United States attorney, grant a prompt hearing thereon,
> determine the issues and make findings of fact and
> conclusions of law with respect thereto.

The Second Circuit has held that a district court may supplement the record with

affidavits from the petitioner's allegedly ineffective trial counsel in lieu of holding an

evidentiary hearing at which live testimony is taken, and may dismiss the petition if the

written submissions demonstrate that the petitioner's claims lack merit.  United States

v. Chang, 250 F.3d 79, 85 (2d Cir. 2001) (affirming order of this Court dismissing § 2255

petition where "[a]t the request of the court, the record was supplemented by a detailed

---

[5] Although Tyler considered this requirement in the context of a § 2254 petition by reference to
the certification requirements set forth in § 2244, the language of § 2255 is identical to § 2244.

[6] Alternatively, the Court may deny the motion "as beyond the scope of Rule 60(b)."  Harris v.
United States, 367 F.3d 74, 82 (2d Cir. 2004) (quoting Gitten v. United States, 311 F.3d 529, 534
(2d Cir. 2002)).  There is no practical distinction of which the Court is aware between declining
to transfer a successive § 2255 petition that is contained within a Rule 60(b) motion to the
appellate court and denying the motion as outside the scope of Rule 60(b), and for whatever
purposes such a distinction might be relevant, this Order should be construed as resting on both
grounds.

affidavit from trial counsel credibly describing the circumstances concerning appellant's failure to testify," and concluding that "with that submission the record was sufficient to support dismissal of the petition"); see also Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003) ("Our precedent disapproves of summary dismissal of petitions where factual issues exists [sic], but it permits a 'middle road' of deciding disputed facts on the basis of written submissions." (citing Chang, 250 F.3d at 86)).

Relying on these precedents, this Court previously concluded "[o]n the basis of the detailed, specific, and credible recollections contained in Mr. Brettschneider's declarations . . . that Mr. Miranda's allegations are not sufficiently credible to require an evidentiary hearing as to any of his claims of ineffective assistance." Miranda, 2008 WL 2561990, at *8. Mr. Miranda now asserts that the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), "over rules the procedure announced in Chang . . . because affidavits are testimonial under the Confrontation Clause." Thus, he asks the Court to "set aside the judgment and hold an evidentiary hearing" with respect to the claims originally raised in his § 2255 petition. Pet.'s Mot. at 4–6.

Mr. Miranda misinterprets Melendez-Diaz. As he appears to recognize, the earlier decision of Crawford v. Washington, 541 U.S. 36, 51–52 (2004), held that affidavits are "testimonial statements" subject to the Confrontation Clause. The Melendez-Diaz decision was a "rather straightforward application of [the] holding in Crawford," and merely determined that certain documents that were denominated as "certificates" under state law were "quite plainly affidavits" and thus, under Crawford, subject to the Confrontation Clause. Melendez-Diaz, 557 U.S. at 310, 312. Mr.

Miranda's argument that the affidavits in this case are subject to the Confrontation Clause is, therefore, based on Crawford, rather than Melendez-Diaz.

Because Crawford was decided four years before this Court issued its 2008 Order, Mr. Miranda could have made this motion immediately after the Order was issued. A Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Mr. Miranda offers no reason for the four-year delay in bringing this motion. Even if he genuinely misinterpreted Melendez-Diaz as changing the law, he has still brought his motion three years after that decision was issued. Therefore, his motion is untimely. See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (finding that Rule 60(b) motion brought "three and one-half years from the date judgment was entered" is not a reasonable time); Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (finding Rule 60(b) motion brought more than four years after denial of habeas petition to be untimely).

Moreover, even if the motion were timely, Mr. Miranda's argument is meritless. As the Government points out, the Sixth Amendment's Confrontation Clause, by its terms, applies "[i]n all criminal prosecutions." Gov't's Opp'n at 4–5. Yet "a petition for a writ of habeas corpus is an independent civil action even though the detention complained of arises out of a criminal action." Palma v. United States, 228 F.3d 323, 327 (3d Cir. 2000) (citing Riddle v. Dyche, 262 U.S. 333, 335–36 (1923)). Therefore, "Crawford does not require the Court to hold a formal hearing on all claims of ineffective assistance of counsel. Nothing in the Sixth Amendment gives a defendant who has been convicted the right to confront his former attorney in a fact hearing . . . ." Jennings v. United States, No. 04Civ9741SHS, 2005 WL 1387987, at *5 n.3 (S.D.N.Y. Jun. 6, 2005) (finding habeas petitioner's Crawford claim to be "wholly unfounded" on the basis of

Chang).  Indeed, even post-Crawford, the Second Circuit continues to rely on Chang in upholding district court denials of § 2255 petitions on the basis of affidavits alone.  See, e.g., Puglisi v. United States, 586 F.3d 209 (2d Cir. 2009).

**CONCLUSION**

For the reasons stated above, Gustavo Miranda's motion pursuant to Rule 60(b) seeking relief from the Court's 2008 Order is hereby DENIED.

**SO ORDERED.**

Dated:      Brooklyn, New York
            January 3, 2013

                              _____/s/ ILG_____
                              I. Leo Glasser
                              United States Senior District Judge